UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GRAND HYATT NEW YORK, INC.,<br><br>Defendant. | Civil Action No. 18-cv-7374<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and under Title I of the Civil Rights Act of 1991 to correct unlawful discrimination by Defendant Grand Hyatt New York, Inc., against Christopher Theofanis because of his disability. As set forth in greater detail below, from at least July 2017 to the present, Defendant has failed to make reasonable accommodations to Theofanis' disability by failing to make an exception to its requirement that he stand while working.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 102(b)(5)(A) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(b)(5)(A) which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful acts alleged below were committed within the jurisdiction of the

United States District Court for the Southern District of New York.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant Grand Hyatt New York, Inc. operates a large hotel located in New York, New York.

5. At all relevant times, Defendant has been a corporation doing business in the State of New York.

6. At all relevant times, Defendant has had at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7) which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. Throughout 2016 and 2017, and continuing to the present, Defendant continuously had more than 500 employees.

**ADMINISTRATIVE PREREQUISITES**

10. More than thirty (30) days prior to the institution of this lawsuit, Christopher Theofanis filed a charge of discrimination (EEOC Charge No. 520-2017-03443) with the EEOC, alleging violations of the ADA by Defendant.

11. The EEOC investigated Theofanis' charge.

12. On May 31, 2018, the EEOC issued a Letter of Determination to Defendant finding reasonable cause to believe that Defendant violated the ADA.

13. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate its unlawful practices and provide appropriate relief.

14. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

16. On July 12, 2018, the EEOC issued to Defendant a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

18. Since at least July 2017, Defendant has engaged in unlawful employment practices in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A), when it denied Theofanis a reasonable accommodation to his disability. Specifically:

   a. Theofanis began working for Defendant as a front desk agent on or around October 28, 2013, and continues to work for Defendant in that capacity.

   b. As a front desk agent, Theofanis registers guests, communicates hotel services and promotions, processes forms of payment, and responds to guest inquiries.

   c. Theofanis has an impairment to his spine that substantially limits him in various major life activities, including standing.

   d. Theofanis' impairment is a disability within the meaning of the ADA.

e. Prolonged standing aggravates Theofanis' back impairment and causes pain.

f. In June or July 2017, Theofanis requested that Defendant provide a reasonable accommodation to his disability, specifically that it permit him to sit on a chair while working at the front desk.

g. In July 2017, Theofanis also submitted a doctor's note recommending the use of a chair while working at the front desk and stating that it would alleviate the pressure on Theofanis' back.

h. For approximately two weeks in July 2017, Defendant permitted Theofanis to use a chair while working at the front desk.

i. Use of the chair during that two week period alleviated Theofanis' back pain and did not interfere with Theofanis' performance of his job duties.

j. With the reasonable accommodation of being permitted to sit while working, Theofanis was able to perform the essential functions of the front desk agent job.

k. After those two weeks in July 2017, Defendant stopped allowing Theofanis to sit and required him to resume standing while working.

l. Theofanis objected to Defendant's decision to require him to resume standing while working, and thereafter informed Defendant that working while standing was causing him significant pain.

m. Defendant's denial of a reasonable accommodation has caused Theofanis physical pain and has necessitated his taking unpaid leave from work in order to recover from that pain.

19. The unlawful employment practices complained of in paragraph 18 were intentional.

20. The unlawful employment practices complained of in paragraph 18 were done with malice or with reckless indifference to Theofanis' federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to make reasonable accommodations to Theofanis' disability;

C. Order Defendant to make Theofanis whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Theofanis whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendant to make Theofanis whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay Theofanis punitive damages to for its malicious and reckless conduct described above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest;

and

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

| | |
|---|---|
| Date: August 15, 2018<br>New York, New York | Respectfully Submitted,<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>131 M. Street, N.E.<br>Washington, D.C. 20507<br><br>JEFFREY BURSTEIN<br>Regional Attorney<br><br>JUSTIN MULAIRE<br>Supervisory Trial Attorney<br><br>/s/ Sebastian Riccardi<br>SEBASTIAN RICCARDI<br>Trial Attorney<br><br>KIRSTEN PETERS<br>Trial Attorney<br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>New York District Office<br>33 Whitehall Street, Fl. 5<br>New York, NY 10004<br>(212) 336-3671<br>sebastian.riccardi@eeoc.gov<br>kirsten.peters@eeoc.gov |