IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GRAND HYATT NEW YORK, INC.,<br><br>Defendant. | CIVIL ACTION NO. 18-cv-07374 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/19

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Hyatt Corporation d/b/a Grand Hyatt New York, located at 109 E. 42nd Street, New York, New York 10017, s/h/a Grand Hyatt New York, Inc. ("Grand Hyatt") violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12111-12117, when it failed to accommodate the disability of Chris Theofanis ("Complainant").

Nothing in this Consent Decree is an admission or concession by either party of the claims or defenses of the other.

The EEOC and Grand Hyatt (jointly "the Parties") have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on The Parties for the duration of this Decree, including Grand Hyatt's successors, assigns, subsidiaries, and any other entity with which Grand Hyatt may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

1

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, The Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1. This Decree is final and binding on The Parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 520-2017-03443. This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2. The Parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the Parties, that venue is proper, and that all administrative prerequisites have been met.

3. By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4. Whenever Grand Hyatt is required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Grand Hyatt shall send such matters by electronic mail to Sebastian Riccardi at sebastian.riccardi@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

## INJUNCTIVE RELIEF

5. Grand Hyatt is enjoined from discriminating on the basis of disability with respect to the terms, conditions, and privileges of employment in violation of the ADA, including failing

2

to make reasonable accommodations to employees' disabilities.

6. Grand Hyatt is enjoined from engaging in retaliation of any kind against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under the ADA or this Decree, or because such person was identified as a possible witness in connection with this matter.

7. Grand Hyatt shall provide a chair for Theofanis at his desk and allow him to sit while performing his duties as a front desk agent. The chair will include a back and be comparable to the chair that was provided to him in July 2017; Grand Hyatt will also allow Theofanis to wear black sneakers while on the job. The EEOC acknowledges that Grand Hyatt has already undertaken the obligations set out in this paragraph.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

8. Within five (5) business days of the entry of this Decree, Grand Hyatt will adopt or affirm (and provide the EEOC a copy of) an antidiscrimination policy that prohibits discrimination on the basis of disability, outlines a procedure for making complaints or reports of discrimination, and identifies the individuals with whom complaints or reports should be filed (the "Policy"). The Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by the ADA, inform employees that they may request reasonable accommodations, and inform them that they are entitled to make complaints or reports of unlawful employment discrimination to Grand Hyatt and to the EEOC. Nothing in this Paragraph represents an endorsement by the EEOC or by the Court that Grand Hyatt has been or is in compliance with federal anti-discrimination laws.

9. Grand Hyatt shall distribute a copy of the Policy to all current employees within

ten (10) business days of the entry of this Decree, and thereafter shall provide a copy of the Policy to all subsequently hired employees within five (5) business days of the start of their employment. Grand Hyatt will redistribute the Policy to all employees annually on the anniversary date of the entry of this Decree so long as the Decree is in place.

10. Within ten (10) business days of the entry of this Decree, Grand Hyatt will post a copy of the Policy in locations visually accessible to and commonly frequented by Grand Hyatt's employees and in locations typically used by Grand Hyatt for posting notices directed to employees or job applicants.

11. Within five (5) business days of the entry of this Decree, Grand Hyatt will conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by Grand Hyatt's employees and in locations typically used by Grand Hyatt for posting notices directed to employees or job applicants.

12. Within five (5) business days of the entry of this Decree, Grand Hyatt will post the "Notice," attached as Exhibit A, in locations visually accessible to and commonly frequented by Grand Hyatt's employees and in locations typically used by Grand Hyatt for posting notices directed to employees or job applicants.

## RECORDKEEPING AND REPORTING

13. During the Term of this Decree, Grand Hyatt shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) made to a supervisory or Human Resources employee or outside agency (only to the extent that Grand Hyatt has been made aware of a complaint by said Agency) by any employee of disability discrimination or retaliation prohibited by this Decree. For each such complaint or report, such records shall include: (a) the name of the

4

employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Grand Hyatt took; and (e) if the complaint or report was made in written form, a copy thereof.

14. During the term of this Decree, Grand Hyatt shall maintain and make available for inspection and copying by the EEOC written records of every request for a reasonable accommodation (oral or written, formal or informal) made by any employee to a supervisor or any employee in Human Resources due to that employee's disability. For each request, such records shall include: (a) the name of the employee and that employee's address and telephone number; (b) the date of the request; (c) a written description of the request as well as any supporting documentation that was provided; (d) a written description of the outcome of the request including what, if any, accommodation was granted and the reason for the decision; and (e) if the request was made in written form, a copy thereof.

15. Grand Hyatt shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Grand Hyatt shall permit a representative of the EEOC to enter Grand Hyatt's premises on two business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter Grand Hyatt's premises without advance notice, during normal business hours, solely for the purpose of verifying compliance with the notice posting requirements of Paragraphs 10-12. During an inspection without advance notice the EEOC will present itself at the Grand Hyatt and request to speak with the HR

5

Director; if the HR Director is not available they are to request to speak with the Assistant HR Director. If neither the HR Director nor the Assistant HR Director are on premises, the Manager on Duty, will provide the EEOC access.

16. Grand Hyatt shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

    (a) Copies of the records described in Paragraphs 13-14, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Grand Hyatt that no complaints or reports of discrimination or requests for accommodation were received during that period; and

    (b) A certification by Grand Hyatt that the Notice required to be posted pursuant to Paragraph 12 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

    (c) Attendance records identifying in legible form the name and job title of the attendees at each training session required under Paragraphs 17 and 18 of this Decree and also containing the signature of each attendee, as well as copies of all training materials presented.

## TRAINING

17. Within 60 days of the entry of this Decree ("60 day training"), and annually thereafter for its Term ("annual training"), Grand Hyatt will provide all supervisory and

6

management employees, and other employees involved in Human Resources no fewer than two (2) hours of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on the ADA, as well as training on Grand Hyatt's Policy and such trainees' responsibilities thereunder. Newly hired or promoted supervisory and management employees will be given the training within five (5) business days after starting in such positions ("5 day training").

18. Grand Hyatt will provide all non-management employees with 60 day training and annual training, consisting of no fewer than two (2) hours of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on the ADA and employees' right to request reasonable accommodations, as well as training on Grand Hyatt's Policy. Newly hired employees will be given 5 day training after starting work.

19. Grand Hyatt shall obtain the EEOC's approval of the trainer and the content the trainer proposes to present before the commencement of the 60 day training and annual training sessions required under Paragraphs 17 and 18, above. The trainer shall not be: an owner, officer, or employee of Grand Hyatt. Defendant shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of the 60 day and annual training sessions. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed content the trainer proposes to present. In the event the EEOC does not approve Grand Hyatt's proposed content, Grand Hyatt shall have five (5) business days to revise the content its trainer proposes to present. The EEOC shall then have three (3) business days from the date it receives the information described above to accept or reject the alternate content.

If the Parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

20. Grand Hyatt will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Grand Hyatt will provide the EEOC a copy of the attendance records and all materials used during the training session as part of its reporting obligations as identified in Paragraph 16. Grand Hyatt will also provide the EEOC a copy of the attendance records for the 60 day and annual training within two weeks of its completion.

## MONETARY RELIEF

21. Grand Hyatt shall make payments to Theofanis totaling $85,000 ("Payments"), as set forth below. Grand Hyatt shall also provide Theofanis with 12 weeks (480 hours) of paid leave at his regular rate of pay that he may use at his discretion for leave related to his partner's pregnancy, the end of said pregnancy, or the birth of a child from that pregnancy. The leave may be used any time between April 15, 2019, and December 15, 2019. This leave is subject to all applicable notice requirements pursuant to the Grand Hyatt's customary personnel policies. This leave shall be in addition to any other paid time off or leave for which Theofanis might otherwise be eligible, but may run concurrently with any unpaid time off or leave for which Theofanis might be eligible. In the event that Theofanis' employment ends before all of the leave provided by this Paragraph has been used, Grand Hyatt will issue a check to Theofanis for the value of the unused portion of such leave.

22. Within fifteen (15) business days after the later of entry of this Decree and receipt by Grand Hyatt of a copy of the Release Agreement executed by Theofanis in the form set forth in Exhibit B to this Decree, Grand Hyatt shall issue and mail to Theofanis, by Certified Mail: (i)

8

a payroll check in the amount of $35,000.00 for back pay from which applicable payroll taxes will be withheld and which will be reported to the IRS on a form W2, and (ii) a check in the amount of $50,000.00 for damages from which no payroll withholdings will be made and which will be reported to the IRS on a form 1099. Grand Hyatt shall contemporaneously send copies of each check and withholdings statement to the EEOC.

23.     If any payment due under this Decree is not made in full and mailed within the fifteen (15) business day period ("Unpaid Amount"), then for each business day beyond the fifteenth business day that such portion remains unpaid, Grand Hyatt shall pay to Theofanis, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount.

## TERM OF DECREE AND DISPUTE RESOLUTION

24.     Except for the injunction in Paragraph 7, which shall last for the duration of Theofanis' employment, this Decree will remain in effect for three (3) years from the date of entry, provided, however, that if, at the end of the term of the Decree, any disputes about compliance with the Decree remain unresolved (*see* Paragraph 25), the term of the Decree shall be automatically extended until such time as all such disputes have been resolved. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the one-year term, without further action by The Parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

25.     If during the term of this Decree the EEOC believes that Grand Hyatt has failed to comply with any provision(s) of the Decree, the EEOC shall notify Grand Hyatt of the alleged non-compliance and shall afford Grand Hyatt ten (10) business days to remedy the non-

compliance or satisfy the EEOC that Grand Hyatt has complied. If Grand Hyatt has not remedied the alleged non-compliance or satisfied the EEOC that it has complied within ten (10) business days, the EEOC may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

26. No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of any term of this Decree by Grand Hyatt shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

## MISCELLANEOUS PROVISIONS

27. Each party shall bear its own expenses, attorneys' fees, and costs.

28. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Grand Hyatt.

29. When this Decree requires a certification by Grand Hyatt of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Grand Hyatt.

10

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*/s/ Jeffrey Burstein*

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

SEBASTIAN RICCARDI
Trial Attorney

KIRSTEN PETERS
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (212) 336-3698
Fax: (212) 336-3623
Email: Sebastian.Riccardi@eeoc.gov

**FOR DEFENDANT HYATT CORPORATION D/B/A GRAND HYATT NEW YORK, s/h/a GRAND HYATT NEW YORK, INC.**

*/s/ John Schafer*

John Schafer
Area Vice President and General Manager
Grand Hyatt New York
109 East 42nd Street at Grand Central Terminal
New York, New York 10017

SO ORDERED, ADJUDGED AND DECREED this 28th day of May, 2019.

*/s/ Victor Marrero*
United States District Judge

11

9823094v.1





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
District Office: (212) 336-3620
General FAX: (212) 336-3623

## NOTICE OF SETTLEMENT

This Notice is being posted as part of a Consent Decree, resolving a suit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Grand Hyatt New York, in Federal court in the Southern District of New York (Civil Action No. 18-cv-07374). The suit alleged that Grand Hyatt discriminated against an employee with a disability when it failed to provide him a reasonable accommodation.

Federal law prohibits employers from discriminating against employees and applicants based on sex, national origin, religion, race, color, age, disability, or genetic information. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

Grand Hyatt New York and its managers and supervisors will support and comply with Federal law prohibiting discrimination.

As part of the resolution, Grand Hyatt New York:

1. Will comply with Federal law and not discriminate against employees based on their disability, improperly refuse to accommodate employees' disabilities, or retaliate against any person who exercises his or her rights under Federal anti-discrimination laws;
2. Will maintain and distribute written policies and procedures prohibiting discrimination and enabling employees to file complaints;
3. Will provide training on Federal laws prohibiting employment discrimination to all current and future employees;
4. Will permit EEOC to monitor compliance with the Consent Decree;
5. Will post this Notice; and
6. Will compensate the Aggrieved Individual in this lawsuit.

Should you have a complaint of discrimination, follow Hyatt's policy for reporting such complaints, or you may also contact the EEOC at:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov

Dated: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

**This notice must remain posted for three years from date shown above, and most not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**

9785121v.1

# B

# RELEASE

In consideration for good and valuable consideration provided to me by Hyatt Corporation d/b/a Grand Hyatt New York in connection with the resolution of <u>EEOC v. Grand Hyatt New York, Inc.</u>, 18-cv-07374 I release Hyatt Corporation d/b/a Grand Hyatt New York from any claims related to my employment arising under the Americans with Disabilities Act of 1990 that I have or may have had against Hyatt Corporation or Grand Hyatt New York prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in EEOC v. Grand Hyatt New York, Inc. 18-cv-07374.

Date: _____          Signature: _____
                                    Chris Theofanis

**Error! Unknown document property name.**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**



Sebastian Riccardi, Trial Attorney
Phone: (212) 336-3698
Fax: (212) 336-3623
sebastian.riccardi@eeoc.gov

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
General FAX: (212) 336-3625
Website: www.eeoc.gov

**VIA OVERNIGHT MAIL**

May 23, 2019

The Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

                Re:    EEOC v. Grand Hyatt New York, Inc.
                        Civil Action No. 18-CV-07374

Dear Judge Marrero:

      In compliance with your individual rules, a courtesy copy of the Joint Motion to Approve the Consent Decree in the above-referenced matter is enclosed.

Respectfully,

Sebastian Riccardi
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112
212-336-3698 (phone)
212-336-3623 (fax)
sebastian.riccardi@eeoc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GRAND HYATT NEW YORK, INC.,<br><br>Defendant. | )<br>)<br>)<br>)  CIVIL ACTION NO. 18-cv-07374<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO APPROVE CONSENT DECREE

Having engaged in comprehensive settlement negotiations, and having agreed that the above-captioned action should be resolved, Plaintiff United Stated Equal Employment Opportunity Commission and Defendant Hyatt Corporation s/h/a Grand Hyatt New York, Inc. jointly move that this Court enter the attached Consent Decree.

WHEREFORE, the parties jointly request that the Court grant the motion.

Respectfully Submitted,

Dated: May 15, 2019

/s/Sebastian Riccardi
Sebastian Riccardi, Trial Attorney
Kirsten Peters, Trial Attorney
Justin Mulaire, Supervisory Trial Attorney
Jeffrey Burstein, Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Attorney for Plaintiff
33 Whitehall St. Fl. 5
New York, NY 10004
Tel: (212) 336-3698
Fax: (212) 336-3623
Sebastian.Riccardi@eeoc.gov
Kirsten.Peters@eeoc.gov
Justin.Mulaire@eeoc.gov
Jeffrey.Burstein@eeoc.gov

Celena Mayo
Wilson Elser Moskowitz Edelman & Dicker LLP
Attorney for Defendant Hyatt Corporation
150 E. 42nd Street
New York, NY 10017
Tel: (212) 915-5854
Fax: (212) 490-3038
Celena.Mayo@wilsonelser.com